Josephine Anne HOGAN, Plaintiff,

v.

John F. KERRY, Secretary, United States Department of State, et al., Defendants.

Case Number: 15-14196-CIV-MARTINEZ-GOODMAN

United States District Court, S.D. Florida, Ft. Pierce Division.

Signed September 21, 2016

Andrew William Clopman, Andrew W. Clopman, P.A., Stuart, FL, for Plaintiff.

Edward S. White, United States Department of Justice, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JOSE E. MARTINEZ, UNITED STATES DISTRICT JUDGE

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (the "Motion") [ECF No. 17]. The Court has considered the Motion, Plaintiff's response [ECF No. 18], Defendants' reply [ECF No. 19], and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted.

### I. Background

Plaintiff was born in Ireland in 1994. [ECF No. 1 at 2]. Her father is a United States citizen. *Id.* Her mother was a citizen of Ireland. *Id.* at 3 n. 1. At the time the Complaint was filed, Plaintiff was in Ireland. *Id.* at n.2.

In December 2014, Plaintiff applied for a United States passport at the U.S. State Department's Passport Agency in Miami, Florida. *Id.* Plaintiff asserts she acquired United States citizenship pursuant to 8 U.S.C. § 1401(g), which provides that the following shall be nationals and citizens of the United States at birth:

a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years....

8 U.S.C. § 1401(g). In April 2014, the State Department denied the passport application, because Plaintiff "did not submit sufficient evidence supporting [her] father's presence in the U.S. after the age of fourteen." *Id.* at 5.

Plaintiff's Complaint requests, among other things, the following relief: (i) a declaratory judgment that Plaintiff is a United States citizen; and (ii) pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C § 701 *et seq.*, judicial review of the U.S. State Department's decision denying her application for a U.S. passport.

Defendants move to dismiss the Complaint for the following reasons: (i) the Court lacks subject-matter jurisdiction over Plaintiff's claim under 8 U.S.C. § 1503(a), because she is not a "person within the United States," as required by such section; and (ii) the Court lacks jurisdiction over Plaintiff's claims under the APA, because she has another adequate remedy available to her under 8 U.S.C. § 1503(b) and (c).

### II. Discussion

■ A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) if the court lacks subject-matter jurisdiction to entertain it. The plaintiff has the burden of proving, by a preponderance of the evidence, that the court has jurisdiction. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103–04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

### A. Claim Pursuant to 8 U.S.C. § 1503(a)

■ In pertinent part, 8 U.S.C. § 1503(a) provides:

[A]ny person *within the United States* [who] claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that [she] is not a national of the United States ... may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring

him to be a national of the United States.

8 U.S.C. § 1503(a) (emphasis added). Although § 1503(a) plainly requires Plaintiff to be within the United States to pursue declaratory relief, Plaintiff nevertheless admits that she is presently in Ireland and does not argue that she is a person within the United States. Instead, Plaintiff relies upon *Rusk v. Cort,* 369 U.S. 367, 375, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962)[1] to argue that, like the claimant in *Cort,* Plaintiff: (i) seeks review of her claim before gaining entry to the United States; (ii) believes herself to be a U.S. citizen; and (iii) could potentially be served with an indictment under 18 U.S.C. § 911 for false claim to citizenship, and therefore, the holding in *Cort* should be extended to her case.

Defendants respond that Plaintiff cannot seek relief under 8 U.S.C. § 1503(a) because the plain language of the statute is controlling, and *Cort* is not to the contrary. Defendants note that the Supreme Court in *Cort* did not hold that a person who is not within the United States can maintain a lawsuit under § 1503(a). *See Cort,* 369 U.S. at 373–75, 379, 82 S.Ct. 787. Rather, the question presented in *Cort* was whether subsections (b) and (c) of § 1503 provide the only method of review of the determination that Cort had forfeited his citizenship, thereby precluding Cort from seeking relief under the APA at that time. *Id.* at 375, 82 S.Ct. 787.

The Court agrees with Defendants' analysis and finds that the Court lacks subject-matter jurisdiction over Plaintiff's claim under 8 U.S.C. § 1503(a), because she is not a "person within the United States," as required by such section.

## B. APA Claim

■ The APA only permits judicial review of an adverse agency decision where no other adequate remedy is available. *See* 5 U.S.C. § 704; *Bowen v. Massachusetts,* 487 U.S. 879, 903, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (Section 704 of the APA does not provide additional judicial remedies where the Congress has provided special and adequate procedures). Defendants assert that Plaintiff has offered no viable reason to indicate that seeking relief under subsections (b) and (c) of § 1503 would be unreasonable or cause hardship.

Subsections (b) and (c) of § 1503 set forth the procedure for when "any person *not within the United States* claims a right or privilege as a national of the United States...." 8 U.S.C. § 1503(b) (emphasis added). Section 1503(b) provides, in pertinent part:

If any person who is not within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may make application to a diplomatic or consular officer of the United States in the foreign country in which he is residing for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission. Upon proof to the satisfaction of such diplomatic or consular officer that such application is made in good faith and has a substantial basis, he shall issue to such person a certificate of identity. From any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he

---

**1.** (abrogated on other grounds by *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

approves the denial, shall state in writing his reasons for his decision.

Section 1503(c) provides, in pertinent part:

A person who has been issued a certificate of identity under the provisions of subsection (b) of this section, and while in possession thereof, may apply for admission to the United States at any port of entry, and shall be subject to all the provisions of this chapter relating to the conduct of proceedings involving aliens seeking admission to the United States. A final determination by the Attorney General that any such person is not entitled to admission to the United States shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise.

Plaintiff relies on *Cort* in support of her argument that she is not limited to seeking relief pursuant to subsections (b) and (c) of § 1503. Plaintiff focuses on the following portion of the *Cort* decision:

Thus, the question posed is whether the procedures specified in [subsections] (b) and (c) [of § 1503] provide the only method of reviewing the Secretary of State's determination that Cort has forfeited his citizenship. More precisely stated, the question in this case is whether, despite the liberal provisions of the Administrative Procedure Act, Congress intended that a native of this country living abroad must travel thousands of miles, be arrested, and go to jail in order to attack an administrative finding that he is not a citizen of the United States. We find nothing in the statutory language, in the legislative history, or in our prior decisions which leads us to believe that Congress had any such purpose.

*Cort*, 369 U.S. at 375, 82 S.Ct. 787.

Defendants argue that *Cort* is distinguishable, and, as such, an extension of its narrow holding that certain claimants need not pursue relief under subsections (b) and (c) of § 1503 in order to proceed under the APA is not warranted in the instant case. *See id.* at 379, 82 S.Ct. 787. Dr. Cort was born in Massachusetts in 1927 and did not leave the United States until 1951. *Id.* at 369, 82 S.Ct. 787. Dr. Cort was criminally indicted in Massachusetts in 1954 for draft evasion. *Id.* As a result, if Dr. Cort used subsections (b) and (c) of § 1503 to challenge the State Department's administrative decision that Dr. Cort had "forfeited" his citizenship, he faced arrest and pretrial confinement on the indictment upon his return to the United States. *Id.* at 375, 82 S.Ct. 787. On these facts, the Supreme Court held, "a person outside the United States who has been denied a right of citizenship is not confined to the procedures prescribed by [subsections] (b) and (c) [of § 1503], and that the remedy pursued in the present case was an appropriate one." *Id.* at 379, 82 S.Ct. 787.

Defendants assert that Plaintiff is not in the class of people similarly situated to Dr. Cort, because Plaintiff has never been recognized as a U.S. citizen and is not under a real threat of criminal prosecution and arrest, if she were to follow the procedures set forth in subsections (b) and (c) of § 1503. The Court agrees with Defendants' analysis that the Court lacks jurisdiction over Plaintiff's claim under the APA, because she has another adequate remedy available.

### III. Conclusion

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss [ECF No. 17] is **GRANTED.**

2. Plaintiff's Complaint is **DISMISSED** for lack of subject-matter jurisdiction.

3. This case is **CLOSED,** and all pending motions are **DENIED as MOOT.**

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of September, 2016.